**1175-15**

ORIGINAL

No. PD - 1175 - 15

In The Court of Criminal Appeals
of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

Angel Luis Martinez, Appellant

v.

The State of Texas, Appellee

On Petition For Discretionary Review From The
Judgement of The Court of Appeals, 264th District of
Texas, In Case No. 01-14-00108-CR

Angel Luis Martinez,
Pro Se Appellant
#1897616
Connally Unit
899 FM 632
Kenedy, Tx 78119

FILED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

## Parties To The Appeal

Appellant Angel Luis Martinez, was represented at trial by Thomas Seigman, Attorney at Law, 2025 Memory Lane Suite 400 Harker Heights, Tx 76548, and was represented by the attorney Jeffrey Parker, P.O. Box 660 Belton, Tx 76513 on appeal. The State of Texas was represented by Michael Waldman, Esq. and Shelly Strimple, Esq., Assistant District Attorneys, P.O. Box 540 Belton, Tx 76513 at trial, and was represented by Honorable Henry Garza, Bell County District Attorney and Bob Doyle Odom, Esq., Assistant District Attorney, P.O. Box 540 Belton, Tx 76513 on appeal.

# Table of Contents

Parties to Appeal ............................................... 1

Procedural Statement ............................................... 4

Issues Raised on Appeal ............................................... 4

Fact Statement ............................................... 4

Summary of the Argument ............................................... 5

Argument ............................................... 5

Appellant's Argument of Error Number One ............................................... 5

Argument ............................................... 5

Appellant's Argument of Error Number Two ............................................... 7

Argument ............................................... 7

Appellant's Argument of Error Number Three ............................................... 9

Argument ............................................... 9

Conclusion ............................................... 12

Certificate of Service ............................................... 13

# Table of Authorities

## Cases

1. Hernandez v. State 726 S.W. 2d 53,55 Tex. Crim. App. 1986 .........11
2. Thompson v. State 981 S.W. 2d 319 Tex. Crim. App. __ Haston [14th District] 1998...12

## Statutes

1. Rules App. Proc. Rule 81 (b)(2) ............................................11

## Articles

1. Article 35.29 Texas Code of Criminal Procedure .......................4-6
2. Article 13 of State's Bill of Rights.................................6
3. Article 38.072 Verner's Ann. Texas C.C.P. ..........................9

## Procedural Statement

In Cause No. 70443, pending in the 264th District Court of Bell County, The Honorable Martha J. Trudo, Judge Presiding, Appellant was charged by indictment with aggravated sexual assault. Appellant proceeded to jury trial on his plea of not guilty. The jury found appellant guilty as charged and assessed the punishment of 50 years imprisonment. Appellant filed timely appeal on November 26th 2013, in a memorandum opinion in Martinez v. State, No. 01-14-00108-CR. (unpublished).

## Issues Raised on Appeal

1. Trial court erred in sealing the name of a presiding juror from the jury verdict forms.

## Fact Statement

The jury verdict form on guilt/innocence appears in the Clerk's Record on page 48. The jury verdict form on sentencing papers appears in the Clerk's Records on page 54. On both verdict forms, the trial court below redacted the name of the presiding juror, substituting in: "Do Not Disclose Per Article 35.29 of CCP" in place of the name.

4

## Summary of The Argument

The trial court erred when it redacted the name of the presiding juror from the guilt/innocence and sentencing verdict forms.

## Argument

### Appellant's Point of Error Number One

Did the trial court err in sealing the name of the presiding juror from the jury verdict forms in this case?

Texas Code of Criminal Procedure Article 35.29 is entitled "Personal Information About Jurors" and it states the following:

Information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror's home address, home telephone number, social security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel except on application by a party in the trial or on application by a bona fide member of the news media acting in such capacity to the court in which the person is serving or did serve as a juror. On a showing of good cause, the court shall permit disclosure of the information sought.

Article 35.29 refers to information "collected by the court or by a prosecuting attorney" and it refers to such information as is collected "during

the jury selection process."

This may refer to the juror information cards counties routinely provide the venire panel, and it may refer to any information collected by the court or prosecuting attorney during voir dire. What it clearly does not refer to is information collected after voir dire, such as when the presiding juror signs the verdict forms during a trial.

The trial court in this case redacted the name of the presiding juror from the guilt/innocence and sentencing verdict forms. The trial court replaced the signatures with the order "Do Not Disclose Per Article 35.29 of CCP." Clearly, under the plain language of Article 35.29, this is error.

Setting aside the fact that Article 35.29 does not allow for the redaction of the name of the presiding juror on the verdict forms; the redaction of the presiding juror's name clearly does nothing to protect the presiding juror's identity from any potential harm as each of the twelve jurors are listed in the Reporter's Record by name. As a result, redacting the name of the presiding juror from the verdict forms provides no benefit to any of the individual jurors or any other party or person.

Further, by providing the name of the presiding juror, the trial court would be exercising sound judgement in ensuring the openness and transparency of the judicial system.

Article 13 of our state's Bill of Rights provides that all the courts shall be open. Concomitant with the open court's provision is

6

the idea that what happens in our court's should, absent a compelling governmental interest, be open and subject to public review. The Due Process clauses of the federal and state constitutions require it, as well. Of course, The Texas Constitution can provide greater protection than the United States Constitution, which provides the floor for rights while state constitutions provide the ceiling.

Therefore, given that the trial court lacks authority to redact the name of the presiding juror from either the guilt/innocense verdict form or the sentencing verdict form, this Court should order the name of the presiding juror on both forms to be unsealed and subject to public review. This error, however, does not harm Martinez any greater than it harms the general public. Thus, it should not result in a reversal of this case.

## Appellant's Argument of Error Number Two

During appellant's trial the state possessed evidence collected during the course of its investigation into the alleged sexual assault committed approximately in August 2003 from B.P., a medical exam taken in July 2012. The State alleged that the spot in B.P.'s vagina was made by appellant/ at the time her step father. Ten years prior to her (B.P.) notifying her mother, school and authorities (Killeen Police Department). The spot was so small that it is impossible for it to know if it (the spot) was from 10 years ago or current due to B.P. notified the medical examiner that she (B.P.) is sexually active. Appellant informed his attorney at trial (Thomas Seigman) to request another medical opinion or prior medical exams of B.P., when said, Thomas Seigman he did not

have enough time to find a medical examiner at the time and the one Thomas Seigman did contact was a relative or a friend. Also Detective Michael Swan stated he tried to contact appellant who lived in Puerto Rico at the time, when said appellant never received a phone call or ever contacted by Detective Michael Swan or any or police officer from the Killeen Police Department. Appellant waived extradition in Puerto Rico and voluntarily turned himself in to the authorities in Texas. In which no authorities were at the airport to receive appellant. Appellant then turned himself in 3 days later to Bell County authorities which then was released on bail a few hours later to go back home to Puerto Rico while waiting for his trial.

During the trial B.P.'s mother Laura Flynn said she didn't tell the authorities til a few days later from when B.P. made her outcry. At then the age of 16 years old B.P. made her outcry notified to Detective Michael Swan that she was sexually assaulted approximately 10 years younger. Then approximately 6-7 years old.

- Trial court's errored in permitting an outcry witness to testify when the alleged victim was not a child at the time she made her outcry.
- Trial court's error of improper admission of hearsay evidence from the witness.

During trial on charge of aggravated sexual assault of a child, defendant's hearsay objection to victim's outcry statements are inadmissable under statutory exception to hearsay rule for child victim's apprised trial court that basis of defendant's objection was that outcry witness's testimony did not fall within statutory hearsay exception, which included complaint that victim and her statements were not the

type of statute was designed to address, thereby preserving for purposes of appellate review defendant's objection that hearsay exception was inapplicable because the victim was no longer a child when she made her outcry statement and that statements regarding extraneous offenses were inadmissible hearsay. (Vernon's Ann. Texas. C.C.P. art 38.072

## Argument
## Appellant's Point of Error Number Three

Appellant requests that the State research B.P.'s prior medical history to confirm if "the spot" on her vagina was there 10 years ago when the alleged sexual assault happened or from current sexual activity. Had the lower courts weighed the evidence collect 10 years later from the alleged crime, it would probably not match or indicate that appellant Martinez did the crime. The fact that no prior medical history exams were involved or collected from the victim, nor any physical evidence was found from Angel Martinez indicating he committed this crime. No bodily fluids, No DNA. The evidence alone cannot identify appellant as the assaultant, sufficient to undermine his request for prior medical exams from the victim under any of the established case laws from this Court and other appeal courts.

No one testified that appellant committed the crime except B.P. who said then she was 7 years old, and in another statement said she was 8 years old. Who at the time of the trial was 16 years old and pregnant from a 18 or 19 year old boyfriend. Had the

9

trial attorney looked up the victims prior medical history "he would (appellant) not have been convicted if prior medical exam results would have been obtained.

The appellant has met his burden of proof. The evidence does not preponderate in appellant's favor that he would not have been convicted if prior medical exam results would have been produced at trial. The lower courts failed to identify any undisputed facts it considered in this case under this courts holding.

At trial, the State used the presence of "a spot" on the victim's vagina 10 years after the alleged crime that appellant might have committed the crime. Thus, if prior medical exams results from 10 years ago were brought into trial the results would be exculpatory.

The 264th District Court of Appeals in Houston ruled to deny his appeal examined the motion too strict a standard in saying that the arguments and allegations made in the trial court were insufficient. The Court of Appeals then ruled the appellant's claims were frivolous without adjucating the merits of the case to which appellant is entitled. Appellant argued that he is innocent, that identity is an issue and the other evidence that the State introduced at trial was not overwhelming against him. To deny prior medical exams from victims age 7 to current.

The Court of Criminal Appeals erred in ruling that this appeal was frivolous and without merit. The court's memorandum opinion made no reference to what principles guided it in ruling the appeal was without merit. The claims appellant raised in his pro se brief has at least an arguable basis in law and facts.

10

The trial courts error is so egregious that failure to permit appellate review would work a miscarriage of justice. The appellant would like to raise that counsil did not raise arguments of multiple errors found during trial. For that is the reason of appellant requesting claim of ineffective assistance of counsel. The cause remanded with instructions to hold hearing on the ineffective assistance of counsel claim and order the State to deliver prior medical exam results from the victim.

• The trial court errored in failing to take judicial notice.

During the punishment phase of the trial, the State did not introduce any additional evidence, but relied on the evidence admitted during the guilty/innocense phase. His attorney introduced a stipulation that the appellant had never been before convicted of a felony crime and was eligible for probation.

In determining whether trial court's error in admitting evidence was harmless, Court of Appeals will first isolate error and all its effects, and consider how much weight juror would probably place on error and ask whether rational trier of fact might have reached different result(s) if error and its effects had not resulted. (Rules App. Proc., Rule 81(b)(2).

• Appellant would like to file for ineffective assistance of counsel for trial and appeal.

Counsel's representation was inadequate so as to violate Appellant's representation was inadequate so as to violate Appellant's Sixth Amendment right to counsel. (Hernandez v. State, 726 S.W. 2d 53, 55 (Texas Crim. App. 1986).

• Because Counsel's unprofessional errors, the result of the proceedings

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. (U.S.C.A. Const. Amend. 6). During the time of trial, Appellant at the time was told he would be able to testify on record. Appellant was lied to and was never given the opportunity to testify in Court. If Appellant was able to testify, the outcome would have been different.

The facts of the case merely show that the alleged victim (B.P.) was allegedly sexually assaulted and was given the chance to testify in court along with other witnesses. Appellant was never given the chance to testify even though Counsel explained that he would testify but instead, lied. Appellant's father can testify that Counsel promised Appellant time on the stand.

In a published opinion, the Court of Appeals reversed the conviction on the ground appellant received ineffective assistance of counsel. (Thompson v. State, 981 S.W. 2d 319 (Tex. App. — Houston [14th Dist.] 1998).

Conclusion

Appellant respectfully prays that this Court reverse the judgement below and based on legal precedent for prior medical exam results. Appellant prays that the court remand the cause to the court of appeals for a hearing on the ineffective assistance of counsel claim.

12

## Certificate of Service

I, Angel Luis Martinez, TDCJ #1897616, being presently incarcerated in the Connally Unit of the Texas Department of Criminal Justice—Institutional Division in Karnes County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this the 18th day of October, 2015

Angel Luis Martinez
#1897616

Respectfully submitted,

Angel Luis Martinez
# 1897616
Connally Unit
899 FM 632
Kenedy, Tx 78119

Opinion issued July 28, 2015



In The

## Court of Appeals

For The

## First District of Texas

———————————

NO. 01-14-00108-CR

———————————

**ANGEL LUIS MARTINEZ, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 264th District Court
Bell County, Texas
Trial Court Case No. 70443

## MEMORANDUM OPINION

A jury found appellant, Angel Luis Martinez, Jr., guilty of the offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West 2014). The jury sentenced appellant to fifty years'

imprisonment. *See* TEX. PENAL CODE ANN. §§ 22.021(e), 12.32(a) (West 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The only potential issue identified in counsel's *Anders* brief is whether the presiding juror's name was erroneously redacted from the appellate record. However, counsel does not suggest that this is a reversible error, and while counsel suggests we have the power to correct the record in this regard, any "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). No argument has been presented that this lone issue affects appellant's substantial rights, nor is it apparent to us how it could.

2

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw. Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). Attorney Jeffrey Parker must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

4